UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-646(DSD/SER)

Charles Booker,

        Plaintiff,

v.  **ORDER**

Ursula E. Booker,

        Defendant.

    This matter is before the court upon the pro se complaint and application to proceed in forma pauperis by plaintiff Charles Booker. Based upon a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

    Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). As such, the court must raise issues of jurisdiction sua sponte "when there is an indication that jurisdiction is lacking." Id. at 523. The court liberally construes pro se complaints and will dismiss an action only if it appears beyond doubt that the plaintiff "can allege no set of facts which would support an exercise of jurisdiction." Sanders v. United States, 760 F.2d 869, 871 (8th Cir. 1985).

    To invoke federal-question jurisdiction, the face of a well-pleaded complaint must contain a cause of action arising under federal law or the Constitution. Oglala Sioux Tribe v. C & W Enters., Inc., 487 F.3d 1129, 1131 (8th Cir. 2007); see also 28 U.S.C. § 1331. In the present action, plaintiff alleges that

federal-question jurisdiction is present because he "was swindled out of tax refund by defendant [Ursula E. Booker] in 2009 and 2010." Compl. ¶ 6. This allegation does not present a federal question.[1] Moreover, even if the parties were diverse, diversity jurisdiction is lacking because the alleged amount in controversy is less than $75,000. See id. ¶ 4; see also 28 U.S.C. § 1332 (requiring amount in controversy to exceed $75,000). Therefore, the court lacks jurisdiction over this action, and dismissal is warranted.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The application to proceed in forma pauperis [ECF No. 3] is denied as moot; and

2. This action is dismissed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 25, 2013

                s/David S. Doty
                David S. Doty, Judge
                United States District Court

---

[1] In so stating, the court acknowledges that federal-question jurisdiction can be present when the resolution of a state-law cause of action "depends upon the construction or application of [federal law]." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005) (alteration in original) (citation and internal quotation marks omitted). In such instances, federal jurisdiction is proper only when "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that ... [a] claim is 'really' one of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983). No such circumstances are present in the instant action.